### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                 CIVIL ACTION NO.  5:06-cv-00388

DR. FRANCIS J. WHELAN, et al.,

           Defendants.

### MEMORANDUM OPINION & ORDER

This is an action to enforce certain federal tax assessments and tax liens brought by the United States against Dr. Francis J. Whelan pursuant to 26 U.S.C. § 7403.  The United States contends that Dr. Whelan failed to pay his federal income taxes during the tax periods 1995-2003 and trust fund taxes from the tax periods 1998, 2002, 2003 and 2004.  The United States seeks to foreclose on certain real property owned by Dr. Whelan to obtain payment for his alleged tax liability.  Ronnie and Wilma Baker, David Whelan, Benjamin Whelan, and Joseph Whelan are also named defendants in this civil action because each party shares an interest in the real property that is the subject of the United States' proposed foreclosure.  Jurisdiction is present under 26 U.S.C. § 7403 and 28 U.S.C. § 1345.[1]

---

[1] "In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under Section 6166(g) shall be treated as a neglect to pay tax." 26 U.S.C.

(continued...)

On October 26, 2006, the United States filed a Motion to Amend its Complaint to include an additional count to foreclose on Dr. Whelan's real property [Docket No. 13]. On February 6, 2007, Dr. Whelan's purported attorney, Mr. Wendell Cook, (who had not entered a formal appearance in this case but informed the United States that he represented Dr. Whelan) served the United States with a Notice of Suggestion of Death, which stated that Dr. Whelan died on or about December 11, 2005.[2] On April 10, 2007, the United States filed a Motion to Substitute [a] Party Defendant [Docket No. 19], which sought to substitute for Dr. Whelan the personal representative of his estate, his son, Mr. Benjamin Whelan, who is a named defendant in the initial Complaint. Both motions remain unopposed.

## I. Rule 15(a) Motion

Rule 15(a) of the Federal Rules of Civil Procedure states, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). Because each defendant has filed an Answer, leave of court is required. Rule 15(a) instructs that leave to amend "shall be freely given when justice so requires." Id. "This liberal

---

[1](...continued)
§ 7403. "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

[2] The Court notes that the asserted date of death for Dr. Whelan occurred before May 19, 2006, the date the United States filed this civil action.

rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Sciolino v. Newport News, Va., 480 F.3d 642, 651 (4th Cir. 2007) (quoting Johnston v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

The United States seeks to include a count to enforce certain tax liens against real property that Dr. Whelan is alleged to have fraudulently conveyed during his lifetime. Specifically, the proported count alleges that Dr. Whelan conveyed approximately thirty-six acres of real estate to E.W. Bennett II, an alleged "straw party," which Mr. Bennett then re-conveyed to Benjamin Whelan and Joseph Whelan in an effort to avoid federal tax liens levied against the property [Docket No. 13 Ex.1 ¶¶ 28-39]. Because federal policy favors resolving claims on the merits "instead of disposing of them on technicalities," and there is no apparent prejudice to the defendants, no allegations of bad faith on the part of the Government, and the proposed amendment does not appear to be futile, the Court **GRANTS** Plaintiff's Motion to Amend [Docket No. 13]. See Laber, 438 F.3d at 426; Sciolino, 480 F.3d at 651.

## II. Rule 25(a) Motion

Under Federal Rule of Civil Procedure 25(a), a party can move to substitute a deceased party within ninety days of the notice of death.

Rule 25(a) states, in pertinent part:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made

3

> by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a). On February 11, 2007, Dr. Whelan's counsel served the United States with a Notice of Suggestion of Death, which stated that Dr. Whelan had expired "on or about December 11, 2005." [Docket No. 20 p.2 ¶ 1]. On April 20, 2007, the Government moved to substitute Dr. Whelan under Rule 25(a) for the personal representative of Dr. Whelan's estate, Mr. Benjamin Whelan, within the requisite ninety-day period.

When a defendant dies in a pending individual-capacity action, the plaintiff must pursue his action against the decedent's estate. See Kentucky v. Graham, 473 U.S. 159, 163 (1985). A "proper party" for substitution purposes under Rule 25(a)(1) is "either (1) a successor of the deceased party - a distributee of an estate . . . or (2) a representative of the deceased party - a person lawfully designated by state authority to represent the deceased's estate." Logicom Inclusive, Inc. V. W.P. Steward & Co., No. 04-cv-604, 2007 WL 646351, at *1 (S.D.N.Y. Feb. 26, 2007). The Government asserts, and Mr. Benjamin Whelan does not contest, that Benjamin Whelan is the executor of Dr. Francis J. Whelan's estate. Thus, Benjamin Whelan satisfies the first category of a proper substitute defendant under Rule 25(a)(1). See Logicom Inclusive, Inc., 2007 WL 646351, at *1. Accordingly, the Court **GRANTS** the Government's Motion to Substitute [a] Party Defendant [Docket No. 19].

For the reasons states herein, the Court: 1) **GRANTS** Plaintiff's Motion to Amend [Docket No. 13]; and 2) **GRANTS** Plaintiff's Motion to Substitute Party Defendant [Docket No. 19]. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and all unrepresented parties.

        ENTER:    June 1, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE